UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

NORMAN YOSHIMOTO,

           Plaintiff,

v.

O'REILLY AUTOMOTIVE, INC., *et al.*,

           Defendants.
_____/

No. C 10-05438 LB

**ORDER CERTIFYING SUMMARY JUDGMENT RULING PER 28 U.S.C. § 1292(b)**

[ECF No. 40]

## I. INTRODUCTION

On June 6, 2011, the court issued an order denying Defendant O'Reilly Automotive's motion for summary judgment based on judicial estoppel. ECF No. 39.[1] On June 14, 2011, O'Reilly Automotive requested that the court amend its order and certify it for appeal pursuant to pursuant to 28 U.S.C. § 1292(b). ECF No. 41 at 1. O'Reilly Automotive also asks the court to stay this case pending the appeal, if the court grants its request for certification. On June 17, 2011, Plaintiff Norman Yoshimoto filed his opposition to O'Reilly Automotive's request. ECF No. 44. The court grants O'Reilly Automotive's request because the order presents a controlling question of law about which there are substantial grounds for difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation. In the interests of judicial economy, the court grants O'Reilly Automotive's request for a stay while the appeal is pending.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 10-05438 LB
ORDER GRANTING REQUEST

## II. LEGAL STANDARD

Section 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). The district court may certify an order for interlocutory appellate review under section 1292(b) if the following three requirements are met: "(1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Id.*. A district court may certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.* (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir.1966)).

## III. DISCUSSION

As discussed below, O'Reilly Automotive argues that the three requirements for permissive certification are present. ECF No. 41 at 2.[2] The court briefly summarizes the underlying order. The court then analyzes the arguments made by O'Reilly Automotive as to the three factors for permissive certification and concludes that certification is appropriate.

### A. Background to Instant Motion to Amend

Plaintiff Norman Yoshimoto is suing his former employer, O'Reilly Automotive, Inc. (successor to CSK Auto, Inc.), asserting six claims related to alleged discrimination. Complaint, ECF No. 1. O'Reilly Automotive filed a motion for summary judgment, arguing that the doctrine of judicial estoppel bars Yoshimoto from bringing these claims because he concealed them from the bankruptcy court. Motion, ECF No. 24 at 12.

In an exercise of its discretion, the court balanced the need to protect judicial integrity with the equities in stopping the litigation, ultimately denying O'Reilly Automotive's motion for summary judgment for the following reasons: (1) the trustee of the bankruptcy estate, who O'Reilly

---

[2] Yoshimoto argues that the court's decision was correct and, therefore, certification is inappropriate. ECF No. 44 at 4. However, in his brief, Yoshimoto does not provide any more meaningful discussion or analysis as to the three factors that govern whether the order should be certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

1  Automotive claimed was the real party-in-interest,[3] did not make any inconsistent statements; (2)
2  application of the doctrine of judicial estoppel to bar Yoshimoto from bringing the claims would
3  harm the creditors of the estate; and (3) there might be other solutions to police Yoshimoto's
4  inconsistencies without punishing the creditors.  Order, ECF No. 39 at 15-16.

5  Judicial estoppel may be invoked by the court at its discretion. *Morris v. California*, 966 F.2d
6  448, 453 (9th Cir. 1991).  In the context of assessing a motion for summary judgment based on
7  judicial estoppel, the Ninth Circuit discussed and applied certain factors set out by the Supreme
8  Court. *Hamilton v. State Farm Fire & Cas. Ins. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).  The Ninth
9  Circuit stated that these factors were not exhaustive. *Id.*

10  In support of its motion for summary judgment, O'Reilly Automotive presented several cases in
11  which various appellate courts affirmed a district court's application of judicial estoppel to bar a
12  debtor from pursuing a claim that the debtor previously had concealed from the bankruptcy court.
13  But O'Reilly Automotive provided no *controlling* cases that held a district court abuses its discretion
14  when, after consideration of all the facts, it declines to apply judicial estoppel to bar a debtor from
15  pursuing a claim that the debtor previously had concealed from the bankruptcy court when the
16  bankruptcy court subsequently authorized the pursuit of the claims by the debtor for the benefit of
17  the bankruptcy estate.

18  As discussed in the court's order, the Ninth Circuit cases cited by O'Reilly Automotive –
19  *Hamilton* and *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555 (9th Cir. 1992) – are
20  distinguishable and simply do not address whether the application of judicial estoppel with the
21  instant facts is required as a matter of law.  Order, ECF No. 39 at 12-13.

22  And, again as discussed in the court's order, there are conflicting outcomes and value judgments
23  applied in the non-binding decisions that more squarely address the issue. *Id.* at 12-15.  Boiled
24  down, the court addressed the competing policies of maximizing creditor recovery and the integrity

---

[3] In its initial case management statement, O'Reilly Automotive claimed that Yoshimoto was not the real party-in-interest. ECF No. 18 at 3.  Yoshimoto sidestepped this issue by coming to an agreement with the bankruptcy estate that permitted Yoshimoto to pursue the pre-petition claims with the bankruptcy estate and Yoshimoto sharing in any recovery from his pre-petition or post-petition claims.  Opposition, ECF No. 29 at 12; Agreement, Exh. W., ECF No. 32 at 8.

of the judicial process and declined to bar the bankruptcy trustee's decision to pursue the creditors' claims through litigation in this case. *Id.* (analyzing cases); *compare In re Cheng*, 308 B.R. 448, 458-59 (9th Cir. BAP 2004) (finding that bankruptcy court erred when it invoked judicial estoppel without considering its effect on unsecured creditors), *aff'd*, 160 Fed. Appx. 644 (9th Cir. 2005), *Biesek v. Soo Linger R. Co.*, 440 F.3d 410, 413-14 (7th Cir. 2006) (analyzing the competing concerns and noting importance of creditors' interest) (dictum), *Craft v. Demeyer Furniture, Inc.*, No. 1:10-CV-230-BLW, 2011 WL 573595 at *3-*4 (D. Idaho Feb. 13, 2011) (finding that interests of plaintiff's creditors outweighed court's interest in the integrity of the judicial system, rejecting *Laisure-Radke*, *supra*), *with In re Coastal Plains*, 179 F.3d 197 (5th Cir. 1999) (holding that the integrity of the system outweighed creditors' interest); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002) (same); *Laisure-Radke v. Barr Laboratories, Inc.*, No. C03-3654RSM, 2006 WL 1727978, at *4 (W.D. Wash. June 22, 2006) (same), *aff'd*, 313 Fed. Appx. 32 (9th Cir. 2009).

## B. § 1292(b) Factors

### 1. Whether There is a Controlling Question of Law

The Ninth Circuit defines a controlling question as one in which "the resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 637 F.2d at 1027. O'Reilly Automotive claims that there is a controlling question of law, specifically: "whether a post-discharge amendment and debtor-trustee sharing agreement has any legal effect on a judicial estoppel analysis when a debtor concealed known claims in his bankruptcy petition." ECF No. 41 at 5. The court acknowledges that its order presents this issue, even if it disagrees with O'Reilly Automotive's characterization of its holding. (As discussed in the previous section, the court views the issue as balancing policies and exercising discretion to allow the bankruptcy trustee to vindicate the interests of creditors through the litigation.) Regardless, a reversal of the order would bar Yoshimoto from asserting his pre-petition claims against O'Reilly Automotive and would terminate the case because Yoshimoto has not yet asserted any other claims. Thus, the order presents a controlling question. *See, e.g., In re Trace Intern. Holdings, Inc.*, No. 04 Civ. 1295(KMW), 2009 WL 3398515, at *3 (S.D.N.Y. Oct. 21, 2009).

A number of circuit courts have expressed that certification pursuant to 28 U.S.C. § 1292(b) is

Case 4:10-cv-05438-PJH   Document 48   Filed 07/07/11   Page 5 of 7

not appropriate when the issue is whether the district court abused its discretion. *See, e.g., Ohio Environmental Council v. U.S. Dist. Court, Southern Dist. of Ohio, Eastern Div.*, 565 F.2d 393 (6th Cir. 1977); *Matter of Doe*, 546 F.2d 498, 502 (2d Cir. 1976); *In re Virginia Elec. & Power Co.*, 539 F.2d 357, (4th Cir. 1976) ("Ordinarily, we agree, the decision to sit or not to sit is within the sound discretion of the trial court and is not properly appealable under Section 1292(b)."). Ultimately, however, the court takes the view that:

> The key consideration is not whether the order involves the exercise of discretion, but whether it truly implicates the policies favoring interlocutory appeal. The determination of what orders are properly reviewable under § 1292(b) must be made by a practical application of those policies, not by a mechanical application of labels such as 'discretionary' or 'nondiscretionary.' Those policies, both before and since the enactment of § 1292(b) have included the avoidance of harm to a party pendente lite from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expense.

*Katz v. Carte Blanche Corp.*, 496 F.2d 747, 756 (3d Cir. 1974). And, in this case, the court recognizes that, however one frames the question, the Ninth Circuit could conclude that, as a matter of law, judicial estoppel prevents Yoshimoto from pursuing his pre-petition claims – even if it was authorized by the bankruptcy estate, which will share in any recovery – and that such a holding would terminate the litigation. *See In re Coastal Plains,* 179 F.3d at 204 (holding that, as a matter of law, judicial estoppel prevented a bankruptcy estate's trustee and a successor to the debtor's claim from pursuing the matter when the debtor had omitted the claim from its bankruptcy schedules); *see generally Yanez v. U.S.*, 989 F.2d 323, 325 (9th Cir. 1993) (noting that the district court certified its decision regarding judicial estoppel for interlocutory appeal).

**2. Whether There Are Substantial Grounds for a Difference of Opinion**

"Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633 (quotations omitted). O'Reilly Automotive argues that the order raises novel and difficult questions of first impression because neither the parties nor the court were able to uncover a Ninth Circuit precedent squarely on point and the resolution of the issue requires a balancing of important and conflicting policy concerns. ECF No.

1  41 at 6. O'Reilly Automotive further states that there is conflicting authority. *Id.* at 6-7.  As noted
2  above and in its summary judgment ruling, the court agrees that there is conflicting authority and
3  that the Ninth Circuit has not yet spoken definitively to the issue.

**3. Whether an Immediate Appeal Might Materially Advance the Ultimate Termination of the Litigation**

O'Reilly Automotive claims that an immediate appeal here will materially advance the ultimate termination of the litigation because, if the Ninth Circuit accepts O'Reilly Automotive's petition and rules in its favor on appeal, judgment would be entered for the defendant and the lawsuit terminated. ECF No. 41 at 7. The court agrees.

**C. Additional Considerations**

Mindful that certification pursuant to § 1292(b) is to be used sparingly, at a June 30, 2011 case management conference, the court asked the parties to discuss the practical issues surrounding certification.

First, the court asked whether certification would likely avoid protracted, expensive litigation. O'Reilly Automotive claimed that the underlying litigation likely would be protracted and expensive because the claims make Yoshimoto's employment history relevant and Yoshimoto was employed at the company for many years. O'Reilly Automotive noted that a hearing before another panel that was scheduled for 45 minutes ended up taking two days. Yoshimoto argued that certification and a stay would not avoid litigation expenses because he had filed a new action for his post-petition claims, *Yoshimoto v. O'Reilly Automotive, Inc. et al.*, No. C 11-03119-DMR, and the two cases overlap extensively.

Second, Yoshimoto reiterated his position that the underlying order was unlikely to be reversed and, therefore, certification would result only in an unnecessary delay. O'Reilly Automotive countered that the procedures for certification lessen the likelihood of such an outcome because it must file its application to the Court of Appeals within ten days.

In addition to the issues described above, the court noted that certification of a garden-variety employment case to an already-burdened Ninth Circuit posed resource concerns. The court weighs these considerations and concludes that certification is still appropriate because further guidance on

1 the application of judicial estoppel in this context would be helpful and, if the Ninth Circuit

2 disagrees with the court's assessment of this need, the Ninth Circuit can deny O'Reilly

3 Automotive's application.

### D. **Whether a Stay is Warranted**

Section 1292(b) states that an application for an appeal shall not automatically stay the proceedings but permits the court to order a stay. 28 U.S.C. § 1292(b). O'Reilly Automotive requests that the court stay all court proceedings during the appeal because, if successful, its appeal would end the lawsuit. Motion, ECF No. 41 at 7. Thus, any proceedings might waste valuable resources of the parties and the court. *Id.* at 7-8. The court agrees but, for the sake of clarity, reminds the parties that this does not preclude Yoshimoto from pursuing his post-petition claims.

### IV. CONCLUSION

While certification pursuant to § 1292(b) is to be used sparingly, on balance, the court finds that its order meets all of the necessary criteria for the reasons discussed above and is appropriate for certification. *See In re Coastal Plains*, 179 F.3d at 204 ("Most unfortunately, Browning did not seek certification from the district court that, pursuant to 28 U.S.C. § 1292(b), the judicial estoppel ruling "involve[d] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'"); *In re Trace Intern. Holdings, Inc.*, 2009 WL 3398515. Accordingly, the court **GRANTS** O'Reilly Automotive's motion to amend. The court amends its order, ECF No. 39, to add the following sentence: "The court certifies the issues decided by this order for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b)." And, in the interest of judicial economy, the court stays this case during the pendency of the appeal.

This disposes of ECF No. 40.

**IT IS SO ORDERED.**

Dated: July 7, 2011

_____
LAUREL BEELER
United States Magistrate Judge