UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN YOSHIMOTO, | Related cases: |
| Plaintiff, | No. C 10-5438 PJH<br>No. C 11-3119 PJH |
| v. | |
| O'REILLY AUTOMOTIVE, INC., et al., | **ORDER RE MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | |

Defendants' motion for summary judgment came on for hearing before this court on January 23, 2013. Plaintiff Norman Yoshimoto ("plaintiff") appeared through his counsel, Sheila Reid. Defendants O'Reilly Automotive, Inc. and CSK Auto, Inc. ("defendants") appeared through their counsel, James Peterson and Jason Ross. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS in part and DENIES in part without prejudice defendants' motion.

First regarding certain preliminary issues, defendant moves for summary judgment in favor of defendant O'Reilly Automotive, Inc. on all claims, arguing that plaintiff was never employed by O'Reilly Automotive, Inc., and was instead employed only by defendant CSK Auto, Inc. The court finds defendants' evidence from the HR Director and explanation about the corporate structure and use of O'Reilly as a "dba" sufficiently persuasive in the absence of any evidence or authority that the sole use of the O'Reilly name was legally sufficient to destroy the separate corporate identities of CSK and O'Reilly. The court

GRANTS defendants' motion as to defendant O'Reilly Automotive, Inc. Plaintiff's claims shall proceed against only defendant CSK Auto, Inc.

Defendant then moves for summary judgment on all claims asserted in the earlier-filed case ("Yoshimoto I"), arguing that they are barred by judicial estoppel, based on statements made to the Bankruptcy Court and to this court. The court finds that this issue has already been decided on a previous motion for summary judgment filed before Yoshimoto I was reassigned to the undersigned. The court does not find that defendants' reliance on later deposition testimony of plaintiff warrants vacating the prior ruling. Accordingly, defendants motion for summary judgment as to Yoshimoto I is DENIED on this ground.

The court notes that plaintiff has not opposed defendants' motion as to two causes of action: plaintiff's PAGA claim and plaintiff's claim under Cal. Labor Code § 203. At the hearing, plaintiff agreed that he does not intend to pursue these causes of action, and thus defendants' motion is GRANTED as to those two causes of action. At the hearing, the parties also clarified that plaintiff's claims for intentional infliction of emotional distress, for defamation, and for failure to engage in the interactive process have already been dismissed during state court proceedings.

As to all remaining causes of action, defendant is ordered to re-file the motion for summary judgment as two separate motions. The first motion shall address only the claims asserted in plaintiff's earlier-filed complaint, Yoshimoto I. The second motion shall address the claims asserted in the later-filed case, Yoshimoto II. While the court appreciates that by combining their arguments on both complaints in these related cases, defendants intended to streamline the motion, what has occurred instead is a muddling of the issues, theories and arguments so that it is impossible for the court to rule definitively on any particular cause of action. As explained at the hearing, defendants' approach may have worked well on a consolidated complaint, but does not work on two separate but related complaints setting forth nine and fifteen separate causes of action. Given defendants' misunderstanding about the court's one summary judgment rule, defendants

may try again.

Importantly, the two new motions must be organized by cause of action, and not by plaintiff's asserted bases of discrimination or by the alleged adverse actions. After setting forth each cause of action for which defendants seek summary judgment, the motion should then present the elements or prima facie case requirements for each cause of action, set forth the evidence upon which both parties rely and explain why summary judgment is warranted. The motion must also explain which adverse action(s) is implicated by each cause of action and which theory of discrimination is involved (i.e. age, race, national origin, or disability). Repetitive recitations of evidence or argument can be avoided by simple reference to evidence or argument previously set forth in the motion.

The motions shall be filed simultaneously, no later than **March 13, 2013**. Plaintiff's oppositions shall be filed by **April 10, 2013**, and defendants' replies shall be filed by **April 24, 2013**. The court will review the papers and will inform the parties if a hearing is necessary.

Finally, the court DENIES plaintiff's request filed on January 15, 2013, purportedly for a Rule 56(d) continuance. Defendants' motion was filed October 31, 2012, after which plaintiff requested an enlargement of the briefing schedule but did not request a continuance for the purpose of taking discovery needed to oppose the motion. Defendants stipulated to the enlargement and the court granted the request and plaintiff filed his opposition on December 12, 2012 at which time he did not request a continuance for the purpose of taking discovery needed to oppose the motion. Defendants filed their reply on January 9, 2013, two weeks before the hearing as required by the local rules and the record was closed. After this date on January 15, 2013, plaintiff's counsel filed a declaration seeking denial of the motion or a continuance of "defendants' motion." The declaration also requests, "To the extent that the court is inclined to grant Defendants' motion on the issue of age discrimination, Plaintiff respectfully requests that the court continue the motion and to reopen discovery for a period of 90 days to allow Plaintiff the opportunity to depose..." The request is denied for the reasons argued by defendants and

because it is procedurally improper (as it was filed after plaintiff had already opposed the motion and after defendants had filed their reply), and because it is presented as a conditional request, to apply only if the court were inclined to grant defendants' motion.

**IT IS SO ORDERED.**

Dated:  January 24, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

4