UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN YOSHIMOTO, | Related cases: |
| Plaintiff, | No. C 10-5438 PJH<br>No. C 11-3119 PJH |
| v. | **ORDER DENYING MOTION FOR ATTORNEYS' FEES** |
| O'REILLY AUTOMOTIVE, INC., et al., | |
| Defendants.<br>_____/ | |

Before the court is defendant CSK Auto, Inc's ("defendant") motion for attorneys' fees, brought against plaintiff Norman Yoshimoto ("plaintiff"). Defendant seeks $398,145.51 in fees and costs, pursuant to Cal. Gov't Code section 12965(b) (California's Fair Employment and Housing Act, or "FEHA") and 42 U.S.C. section 20003-5(k) (Title VII). These statutes allow attorneys' fees to be awarded to a defendant if the plaintiff's claim was "frivolous, unreasonable, or groundless," or if "the plaintiff continued to litigate after it clearly became so." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978); see also Cummings v. Benco Building Services, 11 Cal.App.4th 1383, 1386-87 (1992). The court finds that plaintiff's claims do not meet the Christianburg standard, and thus DENIES defendant's motion for attorneys' fees as follows.

The facts of this case are set forth in this court's order granting defendant's motion for summary judgment. See Case No. 4:10-cv-5438 ("Yoshimoto I"), Dkt. 132; Case No. 4:11-cv-3119 ("Yoshimoto II"), Dkt. 94. While summary judgment was granted on each of plaintiff's claims, the order made clear on several occasions that plaintiff's claims were not "frivolous, unreasonable, or groundless."

For instance, in Yoshimoto I, plaintiff alleged (among other things) that defendant discriminated against him based on race and national origin, and engaged in race-based

harassment. For support, plaintiff alleged that at a Christmas party held on December 7, 1998, a member of upper management made the announcement that it was "Jap Day - Pearl Harbor Day and here is to your ancestors" (pointing to plaintiff) and then said "Tora Tora Tora." See Yoshimoto I, Dkt. 114 at ¶ 10. From 1999 through 2008, plaintiff claims that he received a phone call every December 7 from the same manager, who would say "Tora Tora Tora, you dick." Id.

With regard to the discrimination claims, the court agreed that the comments were "clearly inappropriate," and "accept[ed] those comments as evidence of a possible discriminatory motive, at least for purposes of establishing a prima facie discrimination case." Yoshimoto I, Dkt. 132 at 17, 19; Yoshimoto II, Dkt. 94 at 17, 19. And while the court ultimately found that plaintiff was not performing his job satisfactorily at the time of any adverse action, and thus could not establish a prima facie case of discrimination, the court did continue to address the McDonnell-Douglas burden-shifting test by assuming that plaintiff could indeed meet all four elements of a prima facie discrimination case. Thus, the court does not find that plaintiff's race and national origin discrimination claims were "frivolous, unreasonable, or groundless," even though the court ultimately found that, even if plaintiff were able to establish a prima facie case, defendant had legitimate, non-discriminatory reasons for any adverse action, and plaintiff failed to tie the "Tora Tora Tora" comments to any adverse action.

With regard to the harassment claim, while the court ultimately followed the Ninth Circuit's ruling in Manatt v. Bank of America and found that the comments were not "sufficiently severe or pervasive enough to alter the conditions of employment," the court did agree that the comments were "doubtlessly offensive," and thus does not find that plaintiff's harassment claim was "frivolous, unreasonable, or groundless."

In Yoshimoto II, a number of plaintiff's claims alleged that defendant discriminated against him based on age. Plaintiff presented evidence regarding defendant's "district managers and regional managers in their 40s and 50s who were demoted or terminated and replaced with younger workers for less pay." Yoshimoto I, Dkt. 132 at 40; Yoshimoto

II, Dkt. 94 at 40.  The court accepted the evidence as "relevant to a possible discriminatory motive" underlying defendant's decision to terminate plaintiff.  Id. at 40-41.  However, because the court found that plaintiff had engaged in "egregious" conduct immediately before his termination (specifically, yelling at a customer in a store that he was managing), the court was compelled to find that plaintiff was not satisfactorily performing his job at the time of termination, that defendant had a legitimate, non-discriminatory reason for the termination, and that plaintiff was not "similarly situated" to the other older employees who were demoted or terminated.  In fact, the court noted that "if plaintiff's conduct had not been so egregious, the court might be inclined to find that plaintiff has indeed raised a triable issue of fact as to whether his own termination was the result of a discriminatory motive.  However, after yelling at a customer in his store (including the phrase "fuck you and your BMW"), plaintiff cannot raise a triable issue as to whether his termination was actually the result of discrimination."  Id. at 41.  Here, the court notes that while plaintiff's conduct was egregious, that does not mean that his claims were "frivolous, unreasonable, or groundless."

Even if the court were to find that some of plaintiff's claims not specifically mentioned in this order were frivolous, the Supreme Court has held that, in order to award fees, the court must determine "whether the costs would have been incurred in the absence of the frivolous allegation," and may only award to a defendant the "portion of his fees that he would not have paid but for the frivolous claim."  Fox v. Vice, 131 S.Ct. 2205, 2209-10 (2011).  The Ninth Circuit does not allow the court to "simply divide[] a defendant's total attorneys' fees equally across plaintiff's frivolous and non-frivolous claims and attribute[] to the frivolous civil rights claims a pro-rata share of those total fees (with no demonstration that such fees were in fact incurred solely to defend against the frivolous claims."  Harris v. Maricopa County Superior Court, 631 F.3d 963, 972 (9th Cir. 2011).  Instead, because the defendant bears the burden of establishing entitlement to fees, it must "demonstrate that the work for which it asserts that is entitled to fees would not have been performed but for the inclusion of the frivolous claims in the complaint."  Id.

3

Defendant instead seeks to recover all fees incurred in the case, arguing that the entirety of both Yoshimoto I and Yoshimoto II were "frivolous, unreasonable, groundless, or vexatious at the outset." As set forth above, the court disagrees with that characterization. The court further notes that defendant seeks fees incurred in connection with a motion for summary judgment that the court largely denied and ordered defendant to re-file, because the original motion resulted in a "muddling of the issues, theories and arguments," making it "impossible for the court to rule definitively on any particular cause of action." Yoshimoto I, Dkt. 107; Yoshimoto II, Dkt. 70. In short, defendant has failed to demonstrate that it is entitled to any of its requested fees, let alone all of its requested fees. For these reasons, the court finds that defendant's motion must be DENIED.

The court's ruling is further strengthened by the fact that plaintiff lacks the ability to pay any fee award. See Miller v. Los Angeles County Bd. of Education, 827 F.2d 617, 621 (9th Cir. 1987); Villanueva v. City of Colton, 160 Cal.App.4th 1188, 1203 (2008). Plaintiff has submitted a declaration stating that his total compensation in 2013 was approximately $800, that he owns no real property, and that his checking account balance is $200. See Yoshimoto I, Dkt. 153; Yoshimoto II, Dkt. 111. The court finds that any award that even approaches the $398,145.51 sought by defendant would subject plaintiff to "financial ruin." See Miller at 621. Even the reduced amount of $79,629.10 that defendant suggests in its reply extends beyond plaintiff's ability to pay. While the court's ruling is not based solely on plaintiff's inability to pay, the court does consider it as a factor, especially in light of the sizeable nature of the award sought by defendant.

Finally, the court DENIES plaintiff's request for sanctions.

**IT IS SO ORDERED.**

Dated: May 5, 2014

PHYLLIS J. HAMILTON
United States District Judge